Michael R. SHEMONSKY,
Plaintiff–Appellant,

v.

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, Defendant–Appellee.

No. 03–1169.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 26, 2003.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

## ORDER

MICHEL, Circuit Judge.

The court considers whether Michael R. Shemonsky's appeal should be dismissed for lack of jurisdiction.

Shemonsky filed a "Complaint—Writ of Error" in the United States District Court for the Middle District of Pennsylvania naming that court as the defendant, 02–1410. He founded his complaint on civil rights laws and RICO, and named certain Constitutional amendments. On October 28, 2002, the district court dismissed the complaint with prejudice. The district court concluded that the complaint, in essence, was an attempt to relitigate a 2000 district court decision, which itself was an attempt to reopen a 10–year old case. The district court concluded that it lacked jurisdiction over Shemonsky's complaint and dismissed. Shemonsky directed his appeal to this court.

We conclude that we lack jurisdiction over the appeal. The only statutory provision that could provide a basis for this court's jurisdiction is 28 U.S.C. § 1295(a)(2), which grants this court juris-diction to review decisions of district courts that are based in whole or in part on 28 U.S.C. § 1346(a)(2), the so-called Little Tucker Act. However, Shemonsky did not allege jurisdiction under § 1346(a)(2) and that provision does not encompass suits against courts for "wrong" decisions. *See generally United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

Although the United States Court of Appeals for the Third Circuit has jurisdiction to review the district court's decision, 28 U.S.C. § 1291, we decline to transfer under 28 U.S.C. § 1631 because we conclude it is not in the interest of justice (when an appeal is filed in a court that finds it lacks jurisdiction, that court may transfer to the appropriate court "if it is in the interest of justice"). We note that the district court found Shemonsky's complaint to be "frivolous and harassing." We agree. Further, the district court took notice of the following statement of the Third Circuit in its previous appeal:

> The instant appeal is the result of yet another notice of appeal filed by Shemonsky in response to an order entered by the District Court on September 28, 2000, which merely advised Shemonsky that the case was closed as of January 23, 1993. (Dkt.# 23). As this appeal presents no substantial questions, see I.O.P. 10.6, we will summarily affirm the District Court's order. We note that we have no qualms with an order that seeks to discourage the filing of additional motions in a case which has been closed for over seven years.

Accordingly,

IT IS ORDERED THAT:

The appeal is dismissed.